UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSA W. SCARCELLI, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Case No. 2:13-mc-62-GZS |
| OAK KNOLL ASSOCIATES LP, | ) ) |
| Defendant. | ) |

ORDER ON MOTION TO WITHDRAW REFERENCE

Before the Court is Plaintiff's Motion to Withdraw Reference (ECF No. 1) and the Parties' Joint Request for Oral Argument (ECF No. 5). For reasons briefly explained herein, the Court DENIES both Motions.[1]

Under 28 U.S.C. § 157(d), a district court may withdraw any case referred to the bankruptcy court "for cause shown." As Judge Woodcock recently explained in In re Parco Merged Media Corp., 489 B.R. 323 (D. Me. 2013),

> Although neither § 157 nor the First Circuit defines what constitutes 'cause,' courts in this District balance a variety of factors, including 'judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested. . . . The moving party bears the burden of demonstrating cause.

Id. at 324 (quoting Turner v. Boyle, 425 B.R. 20, 24 (D. Me. 2010)) (internal footnote omitted).

Via the pending motion, Plaintiff Rosa Scarcelli seeks to withdraw the entirety of the chapter 11 bankruptcy case, In re Oak Knoll Associates LP (D. Me Bankr. Case No. 13-20205). Plaintiff asserts that upon withdrawal she will then file a motion to dismiss. By way of

---

[1] With respect to the request for oral argument, the Court has determined in an exercise of its discretion that the pending motion may be resolved on the written submissions and that scheduling oral argument would not serve the ends of justice because it would further delay resolution of the pending motion. See D. Me. L.R. 7(f).

background, Plaintiff maintains a tripartite relationship with Debtor Oak Knoll Associates LP ("Oak Knoll"), which owns a subsidized 42-unit apartment project in Norwalk, Connecticut. Scarcelli is: (1) a general partner of the Debtor, (2) a majority owner of two companies that have ongoing contracts with the Debtor, and (3) a beneficiary of the Promenade Trust, which is the sole limited partner and 100 percent equity owner of the Debtor.  (See Trustee Response (ECF No. 9) at 3-4.)  Scarcelli also obtained a default judgment against Pamela Gleichman, the Managing General Partner of Oak Knoll last year in a case before this Court titled:  Scarcelli v. Gleichman, et al., D. Me. Case no. 2:12-cv-72-GZS (the "Gleichman case").  As part of that default judgment, the Court enjoined Gleichman from taking certain actions with respect to Oak Knoll. (See May 31, 2013 Order on Default Judgment (ECF No. 1-2)).  Scarcelli argues that this default judgment serves as a basis for dismissing Oak Knoll's bankruptcy petition and that this Court is best positioned to decide this issue given its involvement in entering the default judgment.

Considering all of the relevant factors and the entire procedural history that culminated in the entry of the default judgment in the Gleichman case, the Court declines to find cause for withdrawing the reference of the pending bankruptcy petition.  Rather, on the record presented, the Court readily concludes that allowing the petition to proceed before the Bankruptcy Court best promotes the goals of uniformity and judicial economy and will best preserve the resources of all involved parties.  The Court believes that its prior written orders in the Gleichman case are readily reviewed by the Bankruptcy Court.  Given its experience and expertise with all of the core issues presented, the Bankruptcy Court is best positioned to determine what impact, if any, the prior 2012 default judgment has on the pending Oak Knoll petition, including whether the petition should be dismissed.

Therefore, the Court hereby DENIES the Motion to Withdraw Reference (ECF No. 1) and the Request for Oral Argument (ECF No. 5).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 21st day of May, 2013.